## HENRY v. LANE.

1. In a trial before a Justice of the Peace, evidence may be given to support a plea in abatement after the cause has proceeded in chief.
2. In a suit before a Justice of the Peace, the party is not required to swear to his abatable defence.

### ERROR from the Howard Circuit Court.

M'GIRK, C. J., delivered the opinion of the Court.

Henry originally commenced an action before a Justice of the Peace. Henry had judgment, and Lane took an appeal to the Circuit Court. The plaintiff, Henry, on the trial proved his case, and then the defendant offered to introduce testimony to show that at and before the commencement of this action, the plaintiff was dead. The evidence was objected to. The objection was overruled. The evidence was haerd by the Court, and the defendant had judgment.

(202) Several errors have been assigned on matters growing out of a bill of exceptions taken on a former trial, but those errors have been abandoned. The only error relied on is, that the Court did wrong in receiving evidence that the plaintiff was dead before the bringing this action. To sustain this error, Mr. Wilson, counsel for the plaintiff in error, makes two points in argument, substantially as follows: First. That the evidence given was evidence in abatement, and should have been given before the cause proceeded in chief, and having failed to do so, has waived all matter in abatement.

Second. That though in this sort of a case the pleading may be ore tenus, yet that the party should have alledged his defence in that way and supported it by affidavit.

There can be no doubt that with respect to the matter of this defence, it should have been regularly pleaded, if the suit had been brought in the Circuit Court originally, but the law requires no pleading in cases before a Justice of the Peace. Every thing is open as to the mode of defence. When the cause comes into the Circuit Court, the law says it shall be tried de novo on the merits. In executing the law, the practice always has been to require no sort of pleading, but to give every thing in evidence; and in proceeding with the trial no regard has ever been had to the time when evidence in abatement should be given. To require this evidence to be given in the order in which it should have been pleaded in cases proper to plead it, would be to embarrass the proceedings with technicalities, which the Legislature seem to wish to avoid.

The Circuit Court might, no doubt, make rules to require the party to give this sort of evidence before the cause had proceeded in chief, but the Court has not done so, and the practice is otherwise. With regard to the second point, which is, that the party should swear to his abatable defence, it seems to us to be sufficient to say that the law only requires this where the pleas are written in form, and in cases where formality is required. In cases where the affidavit is required to pleas in abatement, the party offering the plea must swear to the same, and the reason is

because the plea is dilatory, and is calculated to delay the trial on the merits till the plea can be disposed of; and then if the plea is adjudged bad, the defendant will be required to answer over.

In the case before the Court no delay of the trial on the merits is produced, for the plaintiff had given his evidence in chief.

(203) The judgment of the Circuit Court is affirmed with costs.