BREWINGTON, Appellant, v. STEPHENS' ADMINISTRATORS, Respondents.

1. An action of forcible entry and detainer does not abate by the death of the defendant; since it is an action for damages, and also for the possession of land, it should be continued against the heirs and the administrator; if the heirs have no interest in the premises, they can disclaim and the suit can proceed against the administrator.

*Appeal from Madison Circuit Court.*

*Beal,* for appellant.

I. The plaintiff's cause of action did not abate by the death of the defendant; it survived against his administrators. (R. C. 1855, p. 133, § 26, 27; 15 Mo. 619; 18 Mo. 166.)

*Johnson,* for respondent.

I. The action of forcible entry and detainer is a real action. So is ejectment. Neither form of action abates by the death of defendant. Ejectment must be revived in the names of the heirs or devisees. (Fine v. Gray, 19 Mo. 33.) The rule is the same in the case of forcible entry and detainer. The heir or devisee and not the administrator must be called

Brewington v. Stephens' Adm'rs.

to defend the possession. Had the heirs or devisees of Stephens been substituted on the record to defend, the case might have proceeded; but as the administrator was substituted, the court did right in dismissing the case.

EWING, Judge, delivered the opinion of the court.

This was an action of forcible entry and unlawful detainer before a justice of the peace, where the plaintiff had judgment, from which the defendant took an appeal to the circuit court. Pending the cause in the circuit court the death of the defendant was suggested, and his administrator was substituted. At a subsequent term, the suit was dismissed on the ground that it did not survive against the personal representative of the deceased.

As the action did not abate by the death of the defendant, it survived, of course, either against the administrator or heirs, or both, and there was no cause for dismissing it, even though it could not have been continued against the former. As in actions of this kind the interest of the party defendant in the premises, whatever it may be, does not necessarily appear, there being no inquiry into title, the question can only be determined by the general rule in such cases. Accordingly the suit must be revived, on the death of a party, in the name of the person succeeding to the interest of the deceased; if it concern realty, the suit should be continued in the name of the heir; if personal estate, in the name of the personal representatives; and if it relate to both real and personal estate, it survives against both heirs and personal representatives.

As this is an action for damages, rents and profits, and also for the possession of the land, we think it should have been continued against the heirs and administrator. If it is a case in which the heirs have no right or interest in the premises, they can disclaim, and this suit can proceed against the administrator alone.

Judgment reversed and the cause remanded.