Miller v. Talley.

Sarah Miller, Plaintiff in Error, *v.* Jesse R. Talley, Defendant in Error

1. *Dower — Ejectment — Merger, doctrine of, when applicable.*— Before the assignment of a widow's dower, ejectment will lie on her behalf for the dwelling-house, messuage, etc., of which her husband died seized. (Wagn. Stat. 542, § 21.) And her right will not be defeated by the fact that the husband of her deceased daughter has a life estate in the property, and that the widow is heir to the reversion. Her dower estate in such case will not merge in the reversion, for the doctrine of merger applies only where the less and greater estates come together without any intervening estate.

*Error to Cape Girardeau Circuit Court.*

*Houck* and *Sanford*, for plaintiff in error.

I. "Until dower is assigned, the widow may remain in and enjoy the mansion-house of her husband, and the messuage or plantations thereto belonging," and, when deforced, may maintain ejectment for the same. The remedy given under section 22 of the dower law (Gen. Stat. 1865) is only cumulative. (See Wagn. Stat. 542, § 21; *id.* 557, note 1; Stokes v. McAllister, 2 Mo. 166; Orrick v. Pratt's Adm'r, 34 Mo. 227; Waller v. Mardus, 29 Mo. 28.)

II. Since the enactment of the statute of descents in 1822, the laws of this State have not recognized or created any such an estate in lands as a tenancy by the curtesy. No such an estate exists in this State.

III. Admitting, for the purposes of the argument, that there is such an estate in the lands as a tenancy by the curtesy, still the doctrine of merger, as claimed by the defendant, cannot apply in this cause and unite the two estates of the widow — the dower and the fee — while there is still an outstanding estate. If this doctrine could apply, its only effect would be to destroy the outstanding estate of curtesy.

*Davis* and *Green*, for defendant in error.

I. The right of dower before its assignment is not such an estate as will maintain ejectment. (Beal v. Harmon, 38 Mo.

435; Benoist v. Murrin, 47 Mo. 537.) In the case above cited this court held that to enable parties to maintain ejectment they must show a legal interest and a possessory title.

II. When the fee of the estate vested in the plaintiff by the death of the daughter (see 4 Kent, 102 *et seq.*) there was a merger of the right of dower, and the privilege of quarantine in law if not in equity.

BLISS, Judge, delivered the opinion of the court.

The plaintiff is the widow of Jesse A. Miller, and her dower not having been assigned, she brings this suit to recover possession of the dwelling-house, messuage and plantation, of which he died seized, claiming it under her right of quarantine. It appears that she is the sole heir of her daughter, who gave birth to a living child, which shortly died; and the daughter's husband, the defendant Talley, claims the right of possession as tenant by curtesy.

The statute is unequivocal as to the widow's right to possess the dwelling-house, etc., until dower is assigned (Gen. Stat. 1865, ch. 130, § 21; Wagn. Stat. 542), and unless she could bring this action, she might be kept out of possession. Hence it is held that ejectment will lie in her favor. (Stokes v. McAllister, 2 Mo. 163.) But defendant claims that inasmuch as the plaintiff inherits the fee as heir of her daughter, her right of dower and quarantine is merged in the greater estate, and thus the curtesy is let in to defeat her possession altogether.

The right to remain in and enjoy the dwelling-house, etc., can hardly be called an estate, though it is somewhat analogous to one at will; still it is a clear statutory right, and can only be terminated by an assignment of dower. If the dower is merged in the inheritance it cannot be assigned, and thus the possession by the widow will continue during life, which would be fatal to defendant's claim. But dower, under the circumstances, will not merge.

Merger takes place when a less and greater estate come together in the same person in the same right, as when the holder of the term purchases or inherits the fee, and the term is extinguished; upon the principle that one cannot be tenant to himself. It can

only take place, however, when the estates come together without any intervening estate; otherwise the lesser estate would be lost altogether, and the reversion only be held, as is claimed in the case at bar, or the intermediate estate be destroyed. In either case rights of property would be sacrificed, and the law will not permit merger to so operate, but will preserve the estates apart until they can come together with no other estate intervening.

It does not appear that the plaintiff is actually dispossessed of all the property she is entitled to hold; but defendant acknowledges that he is in possession of eighty-seven acres of the plantation, for which judgment should have been rendered. The judgment of the Circuit Court is therefore reversed, and judgment is entered for the amount so in possession of defendant. The other judges concur.