BROWN v. MOORE, *Appellant.*

1. **Widow's Quarantine**: STATUTE OF LIMITATIONS. Where no assignment of dower is ever made, the statute of limitations begins to run against the heir and in favor of one claiming the mansion house of the ancestor by grant of the widow, from the time of her death, and not before.

2. ————: ASSIGNMENT OF DOWER: LACHES. As between the heir and the grantee of the widow, it is no laches on the part of the heir to permit the widow and her grantee to occupy the mansion house of the ancestor as long as she lives without having her dower assigned.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*J. C. Cravens* for appellant.

The right of the widow's quarantine and her grantees is only a possessory right for the time being, and is subject to be defeated at any moment by the assignment of dower. It is no estate in the lands, and hence there was no particular estate outstanding during the widow's life, which in any manner interfered to stay the operation of the statute. *Miller v. Talley,* 48 Mo. 503. Can a mere tenancy at will hold in abeyance the statute of limitations? But I deny that the widow in quarantine is in any sense the tenant of the heir; she is not there by any permission of his; she is there by operation of law, entirely above and independent of his agency. But admit that Mrs. Graves was the tenant at sufferance or at will of the heir, and

that as such the statute would not run in her favor while in possession, it by no means follows that the same rule applies to her assignee. The very reverse is the law. He holds adversely to the owner. 1 Wash. Real Prop., (4 Ed.). p. 621, § 9. *Rechow v. Schanck*, 43 N. Y., 448.

*H. E. Howell* for respondent.

NORTON, J.—This is a suit in ejectment to recover one-fifth interest in a tract of land in Greene county. Wm. Graves was the owner and had his mansion house on the land, where he died in 1863, leaving a widow and five heirs at law. In December, 1865, the widow and four of the heirs conveyed the land to Ebenezer Phillips; which deed was recorded the next day after its execution. Richard Graves, the other heir, was of age and living in Kansas. On the 18th day of December, 1865, and about the time he obtained his deed from Mrs. Graves and the others, Phillips conveyed by warranty deed an entire estate in the land to Wm. McKinney, which deed was on the same day placed upon record in Greene county; and McKinney immediately took possession of the land, and actually occupied and cultivated it as exclusively his own, until a short time before this suit was commenced by the plaintiff as the grantee of said Richard Graves, when he by like warranty deed sold and conveyed the entire estate in the land, to the defendant, who occupied and held the land exclusively as his own at the commencement of this suit. The suit was begun on the 16th day of October, 1877, and about two years after the death of Nancy Graves, the widow. The only defense relied upon to defeat plaintiff's recovery was the statute of limitations. On the trial plaintiff obtained judgment for one-fifth of the land sued for, from which defendants appeal.

The circuit court tried the case on the theory that Richard Graves had no right of entry in the land sued for till dower had been assigned to Nancy Graves, the

widow, and that the statute of limitations did not begin to run either against Richard Graves or his grantee till such assignment of dower was made, which, however, never was made, the said Nancy Graves having died two years before this suit was commenced. This action of the court, which defendants insist was erroneous, we think was proper. Section 2205 Revised Statutes, the same being in force when William Graves died, provides that, "until dower be assigned, the widow may remain in and enjoy the mansion house of her husband, and the messuages or plantation thereto belonging, without being liable to pay any rent for the same." This statute unquestionably gave to the widow the possessory right to the whole of the land in controversy till her dower was assigned, for the recovery of which, had she been wrested of the possession, she might have maintained ejectment under the authority of the case of *Waller v. Mardus*, 29 Mo. 25, in which it was held that a widow entitled to quarantine in land might maintain ejectment to recover possession of it. From this the conclusion irresistibly follows that, had Mrs. Graves remained in possession of the premises, plaintiff could not have successfully prosecuted ejectment against her till her dower had been assigned. And it also, we think, follows that plaintiff could not have maintained ejectment against any one holding under her, and to whom she had passed or transferred this possessory right till after such assignment was made. It was expressly held in the case of *Miller v. Talley*, 48 Mo. 503, that the quarantine right of a widow in land "is a clear statutory right, and can only be terminated by assignment of dower," and that ejectment will lie to enforce it. And this right is capable of being assigned, and when assigned carries with it all the incidents belonging to it prior to its transfer. *Jones v. Manly*, 58 Mo. 509.

The mere fact that Richard Graves was willing to and did permit his mother and her grantee, she having received a consideration for the grant or transfer, to enjoy this pos-

·sessory right, and did not terminate it by having her dower assigned, as he might have done, instead of rendering him liable to the imputation of laches, is rather to be counted to his credit.    Judgment affirmed, in which all concur, except RAY, J., absent.