BURDEN *et al.*, *Plaintiffs in Error*, v. JOHNSON *et al.*

Lien, Sale to Satisfy: SUBROGATION. Where one has become a purchaser in good faith, under a sale which proves to be void for irregularity, and the purchase money has been applied to a satisfaction of the lien for which the sale was ordered, the purchaser becomes subrogated to the rights of the lien-holder to the extent of his payment, but when the proceedings are regular in all respects, and the decree is effectual in subjecting to its behests the interests and estates of all parties before the court, such subrogation, especially in the absence of fraud, will not be made.

*Error to Johnson Circuit Court.*—HON. NOAH M. GIVAN,
Judge.

AFFIRMED.

*John J. Cockrell* for plaintiffs in error.

The petition in this case is a supplementary bill filed
by the assignees, by subrogation of the plaintiffs, against
the heirs of the original defendants, to bring in and sell
the interest of a party who should have been a party to the
original action.   A supplementary bill must be filed in the
original cause, and may be filed at any time, either before
or after a final decree.   Story's Eq. Plead., p. 338.   And
relief can only be obtained in such original action.   *Goode-
now v. Ewer.* 16 Cal. 411.   There is no defect of parties
plaintiff or defendant.   Ella F. Culley is only heir of orig-
inal defendants, and is also the new party whose title is
sought to be reached by the supplementary bill.   Petition-
ers show that they hold under purchases at execution sale,
and hence are subrogated to the rights of the original
plaintiffs, and entitled to the relief prayed.   Sheldon on
Subrogation, §§ 33, 34, 38.   This action is not barred by
limitations, lapse of time or presumption of payment of
the judgment in probate court.   Petitioners occupy the
position of mortgagees in possession.   While they are in
possession, the statute cannot run against them.   The stat-
ute only commenced to run against petitioners after they
were ejected.   The proposition seems almost too plain to
argue.   When a party with a defective title to real estate,
is in possession under his title, limitation is not running
against him, but against the party not in possession.   The
petition shows that some of the petitioners are still in pos-
session, and others recently ejected.   Under such circum-
stances, the rights claimed by petitioners here cannot be
barred by statute of limitations or lapse of time.   *Caldwell
v. Palmer*, 6 Lea (Tenn.) 652 ; *Brobst v. Brock*, 10 Wall. 519,

The petition states a good cause of action. The petitioners, by subrogation, stand in exactly the same position as the original plaintiffs, as far as the amount of purchase money paid by their grantors at the execution sale. The object of the original action was to sell certain real estate to satisfy a debt—the same as a mortgage foreclosure. The defect in the title was caused by failure to join a necessary party defendant, as would be the case in a foreclosure case where the grantee of the mortgageor was not a party. Petitioners are entitled to the relief prayed. Sheldon on Subrogation, §§ 33, 34, 38; *Goodenow v. Ewer*, 16 Cal. 471; *Boggs v. Hargrave*, 16 Cal. 566; *Burton v. Lies*, 21 Cal. 91; Freeman on Void Judicial Sales, § 47, p. 65; Freeman on Ex., §§ 54, 362, p. 548; *Ross v. Boardman*, 22 Hun (N. Y.) 527; *Brobst v. Brock*, 10 Wall. 519; *Caldwell v. Palmer*, 6 Lea (Tenn.) 652.

*S. T. White* for respondent.

The petition contains no facts showing a right of substitution in plaintiffs in error, as plaintiffs of the original suit. *Clamorgan v. Guisse*, 1 Mo. 141; *Lindall v. Brunt*, 17 Mo. 150. The petition states no facts showing that plaintiffs are entitled to relief in this action. There is no equity in the bill. *Hendricks v. Wright*, 50 Mo. 311; *Daily v. Jessup*, 72 Mo. 144; Bishop on Con., § 144. Plaintiffs are barred in this proceeding by lapse of time. *Rogers v. Brown*, 61 Mo. 187; *Hughes v. Littrell*, 75 Mo. 573. This proceeding has no parallel. It is an attempt to assert newly acquired rights under the title of an old action that had passed into a judgment almost twenty years before this one was begun. Neither the rights nor the parties are the same in the two actions. The plaintiffs were purchasers at a sheriff's sale under the rule of *caveat emptor;* and merely took, in law and equity, what the judgment gave them.

MARTIN, C.—On the 23rd of January, 1880, the plaint-

iffs in error filed a petition in equity against Ella F. Cully and James W. Cully, her husband, which had for its object the opening up and widening of a decree rendered April 19th, 1861, in a certain suit wherein James M. Burden and Charles Burden, were plaintiffs, and Amos M. Perry, administrator of William Burden, Rosannah M. Johnson and William Johnson, were defendants.

The proceeding is an unusual one, both in form and scope. The defendants demurred for insufficiency of facts to constitute a cause of action, and the demurrer was sustained. Upon this ruling final judgment was entered, from which the plaintiffs have prosecuted their writ of error. The facts disclosed in the petition are substantially as we recite them, in a different grouping and phraseology.

As early as May, 1854, William Burden was indebted to his sons James and Charles, in the sum of $1,157 for money borrowed and other considerations. During the existence of this indebtedness, said William Burden entered into a marriage contract with Rosannah M. Paden, and in consideration of a marriage, which was afterward consummated, he, on the 11th of May, 1854, conveyed to her and to her heirs begotten by him, certain parcels of real estate which are described in the petition. On the 29th of September, 1855, William Burden died without having discharged the indebtedness aforesaid, leaving his widow and one child, named Ella F. Burden, surviving him. His widow was afterward married to William Johnson, and his daughter to James W. Cully.

William Burden's estate not being sufficient to pay his debts, his two sons, James and Charles, on the 10th of March, 1858, commenced a suit in the nature of a creditor's bill, for the purpose of setting aside the ante-nuptial contract of their father, and subjecting the real estate settled by him upon his intended wife, to the demands of his creditors, upon the ground that the settlement was void as against creditors. In this suit the widow and the administrator were the only parties proceeded against. The suit

resulted in a decree for plaintiffs, on the 19th of April, 1861, charging the real estate with the debt described in the petition, and ordering a sale of so much of the lands as would be required to satisfy it. Curious enough, as it seems from recitals in the decree, Ella F. Cully and James W. Cully, by attorney, appeared and moved in arrest of the decree, although no parties to it. Their motion was overruled. They also tendered a bill of exceptions, which was allowed and signed.

By virtue of a special execution to enforce the decree, a sale of a large portion of the land in controversy, was made by the sheriff to different parties, on the 22nd of April, 1865. At the date of this sale Rosannah M. Johnson had been dead about a month. The parties prosecuting the writ of error herein, were either purchasers at said sale, or hold title derived from such purchasers. The purchasers and their grantees entered into possession of the land so purchased, immediately after the sale, and have been in possession, holding the same as their own, ever since, having greatly improved their respective purchases, by the erection of buildings and fences, and the planting of orchards. The petition then goes on to say that Ella F. Cully and her husband, in 1879, brought suit in ejectment, and recovered some of the land purchased at said sale, and that similar suits for the recovery of the parcels owned by the plaintiffs in error are pending undetermined.

It is further alleged, that the purchasers at said sale, believed that they were acquiring the fee simple title to said lands, and that their improvements were made under that belief, and in good faith, without any notice of the claim of said Ella F. Cully to the same. The petition concludes with a prayer to the court to open up the decree rendered in 1861, and vacate the apparent satisfaction thereof, to make Ella F. Cully and James W. Cully parties to the proceedings in said suit; to adjudge the marriage conveyance fraudulent as to creditors, and to enforce the creditors' demand in the suit, against the real estate by sale of a suffi-

cient portion to satisfy it, subject however, to the value of the improvements which is to be ascertained ; also to restrain all further proceedings in the ejectment suits of Mr. and Mrs. Cully until the final termination of this cause and for other proper relief.

Before considering the merits of this petition, I will be excused for remarking that the deed of ante-nuptial settlement is not before us for construction. Neither is it competent for us to pass upon the binding effect of the decree, upon remaindermen who claim only as voluntary beneficiaries. Story Eq. Pl., (9 Ed.) §§ 144, 145. The petition assumes that the widow was possessed of only a life estate, and that the decree was ineffectual to bind the interests of the remaindermen who were not made parties to the suit. The object of the suit is to open up the original decree of 1861, and extend its binding effect to the remainderman who was not a formal party to the proceeding. The plaintiffs in error claim to be subrogated to the rights of the lien creditors, who instituted the original proceeding, and insist on opening up the decree and enlarging its effect.

Viewed in this, its true light, I have no hesitation in holding that the petition does not contain the facts sufficient to support the equity which is invoked.

It seems to be well settled that, when one has become a purchaser in good faith under a sale which proves to be void for irregularity, and the purchase money has been applied to a satisfaction of the lien for which the sale was ordered, the purchaser becomes subrogated to the rights of the lien holder to the extent of his payment. *Valle v. Fleming*, 29 Mo. 152; *Henry v. McKerlie*, 78 Mo. 416. But the plaintiffs in error do not state a case which successfully invokes this equity. The sale at which they purchased was neither void nor irregular. The proceedings under which the sale took place, assumed to reach only the interests of parties who were made defendants, and they were effectual in reaching and subjecting such interest to the charge of the creditors' lien. The remaindermen provided

for in the deed of settlement were not made parties, and the decree did not assume to affect their estate. The purchasers were undoubtedly mistaken either in their construction of the deed, or in the scope and extent of the decree. They must have regarded themselves as buying something more than the life estate of the widow, for she was dead at the date of the sale, and her estate had terminated. When the proceedings are regular in all respects, and the decree is effectual in subjecting to its behests the interests and estates of all parties before the court, the principal ground upon which the purchaser is subrogated to the rights of the judgment creditor would seem to be wanting, especially in the absence of fraud. It may be that the purchasers and the judgment creditors conducting the sale were both mistaken in their opinions as to the extent and scope of the decree, which was regular in all respects, but this does not give the purchasers the right to take the place of such judgment creditors, and open up the judgment, and by the introduction of new parties extend and enlarge its effect. This would be, in substance, a new proceeding which the creditors had not regarded as necessary or proper to bring.

What rights of defense the purchasers may have, by reason of their improvements and possession, as well as purchase in good faith, I will not undertake to decide, as the merits of it do not come before us on this demurrer, which, in our opinion, was properly sustained.

The judgment is affirmed. Ewing, C., concurs. Philips, C., not sitting, having been consulted about or connected with the subject matter in controversy.