Roberts v. Nelson.

ROBERTS, *Administrator*, v. NELSON, *Appellant*.

1. **Widow's Right to Mansion House**: DOWER: EJECTMENT: RENTS AND PROFITS. The widow has the right to remain and enjoy

the mansion house of her deceased husband, and the messuages and plantation thereto belonging, until dower is assigned to her; this right can only be terminated by the assignment of dower, and ejectment will lie to enforce her right of possession to such lands, and she is entitled to the whole of the rents where there is no outstanding lease at the date of her husband's death.

2. **Death of Widow, Pending Suit:** REVIVAL IN NAME OF ADMINISTRATOR: EJECTMENT: DAMAGES. Where the widow dies, pending an action of ejectment by her for the recovery of possession of the mansion house and messuages, the suit may be revived in the name of her administrator and recovery had for rents and profits, by way of damages, to the time of her death.

3. **Ejectment:** DAMAGES: STATUTE. The statute with respect to ejectment suits contemplates that damages may be declared for in the same suit and in the same court.

4. **Sheriff's Deed:** JUDGMENT: NOTICE: CITATION. A sheriff's deed, based upon certain judgments of the county court for principal and interest due upon township school bonds, under Revised Statutes, 1855, where such judgments recite a notice, but not a citation, as provided for by Revised Statutes, 1855, page 1425, section 29, is void.

5. ——— : ——— : SALE. Such deed is void where the sale under the judgment is made at the sitting of the county court, instead of during a term of the circuit count.

6. ——— : ——— : ——— : DOWER. Where a sheriff's deed is based upon a judgment against the husband and a sale thereunder before his death, it will not deprive the widow of her dower. and until dower is assigned to her she will be entitled to the possession of the property.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*O. H. Travers* and *F. S. Heffernan* for appellant.

(1)   If this action is under the dower law the circuit court of Greene county had no jurisdiction of the case. See section 4, page 58, local laws of the state of Missouri, 1855, published in 1865, giving the probate court of Greene county the exclusive original jurisdiction in pro-

bate of wills and assignment of deeds. (2) This being an action of ejectment the cause could not be revived in name of administrator of Aletha J. Roberts. (3) The judgment, if at all, should be for only one-third of the amount proved and special against the land, and should not include rental value of the improvements. R. S., sec. 2228; *Griffin v. Regan,* 79 Mo. 73; *McClanahan v. Porter,* 10 Mo. 746; *Reilly v. Botes,* 40 Mo. 469; *O'Flaherty v. Suttor,* 49 Mo. 583. This was plainly 'an action in ejectment. It matters not what circumstances gave the plaintiff the right of recovery, that right was not affected by her death. It survived to her heirs, and when a plaintiff dies, the suit, in an action of this kind, must be revived in the name of the heirs. *Fine et al. v. Gray,* 19 Mo. 33. The executor or administrator cannot maintain the action. *Burdyve v. Mackey,* 7 Mo. 374. Section 2253, of the Revised Statutes, does not apply to this case, for the reason that that section does not contemplate a change of the parties to the action, but only the extinguishment of the *right* of action. There was no testimony to show the death of William G. Roberts. The deposition was not admissible. His death could only be established by some person who knew him, and saw his body when dead. 1 Greenleaf (13 Ed.) secs. 103 and 104; Phillips on Evidence (4 Am. Ed.) 233; 2 Greenleaf (13 Ed.) secs. 278 *g*, and 278 *h;* Abbott's Trial Evidence, p. 90, and notes thereto.

*W. C. Price* and *C. W. Thrasher* for respondent.

(1) The coroner's deed to Farmer and Caynor was absolutely void and conveyed no title to the grantees named therein. The notice required to be given by section 29, page 1425, Revised Statutes, 1855, was never given to defendant; he never appeared to the proceeding, and the judgments are void for want of jurisdiction of the defendant. This was a summary proceeding, under

a special statute, by a court of limited jurisdiction, and
to be valid the record must show substantial compliance
with the provisions of the statute. *State v. Metzger*,
26 Mo. 65 ; *Walker v. Turner*, 9 Wheat. 549 ; *Galpin
v. Page*, 18 Wall. 350 ; *Mills v. Martin*, 19 Johns. 34 ;
*Shufeldt v. Buckley*, 45 Ill. 223 ; *Sears v. Terry*, 26 Conn.
273 ; Freeman on Judgments (3 Ed.) sec. 123.   (2) The sale
recited in said deed was an execution sale by the coroner
of the county, made during the session of the county
court, and not during the session of the circuit court,
and is, therefore, null and void, and may be attacked
collaterally or otherwise.   R. S., 1855, p. 746, sec. 45 ;
*McClurg v. Dollarhide*, 51 Mo. 347 ; *Bank v. Evans*,
51 Mo. 335 ; *Bruce v. Leary*, 55 Mo. 431.   (3) Said
coroner's deed is void for the further reason that it was
not acknowledged before the circuit court, as required by
statute.   R. S., 1855, p. 748, sec. 57 ; *Ryan v. Carr*,
46 Mo. 483 ; *Adams v. Buchanan*, 49 Mo. 64 ; Freeman
on Executions, sec. 331.   (4) Aletha J. Roberts, as the
widow of William G. Roberts, deceased, was enti-
tled to possession of the mansion house and the mes-
suages or plantation thereto belonging, of her deceased
husband until her dower was assigned and could main-
tain ejectment therefor.   R. S., 1855, p. 672, sec. 21 ;
*Stokes v. McAllister*, 2 Mo. 163 ; *Jones v. Manly*,
58 Mo. 559 ; *Miller v. Tally*, 48 Mo. 503 ; *Brown v.
Moore*, 74 Mo. 633.   (5) The administrator was the
proper party to prosecute the suit for damages and costs
under the statute.   R. S., 1879, sec. 2253 ; Tyler on Eject.
839, 840 ; *Clark v. Railroad*, 36 Mo. 202 ; *Brewington
v. Stephens*, 31 Mo. 38 ; *Carlisle v. Rawlings*, 18 Mo.
166.   (6) If plaintiff prevailed in the action he was entitled
to recover, by way of damages, the rents and profits down
to the time of the expiration of plaintiff's title.

BLACK, J.—1.   This was an action of ejectment.   On
the trial the death of W. G. Roberts, the common

source of title, was admitted. It was also conceded that Aletha was his widow and that no dower had ever been assigned to her. The proof is conclusive that she continued to reside on the home place of the deceased and that the lands in question constituted a part thereof. She had the right to remain in and enjoy the mansion house, messuages and plantation thereto belonging, until dower was assigned to her. R. S., 1855, p. 672, sec. 21. This right can only be terminated by the assignment of dower. Ejectment will lie to enforce her right of possession to such lands and this suit was, therefore, properly brought by her. *Brown v. Moore*, 74 Mo. 633; *Miller v. Talley*, 48 Mo. 503; *Jones v. Manly*, 58 Mo. 559; *Stokes v. McAllister*, 2 Mo. 163. And she is entitled to the whole of the rents where there is no outstanding lease at the date of the death of her husband. *Orrick v. Robbins*, 34 Mo. 226.

2. The further question arises whether the suit could be revived in the name of the administrator of the widow, she having died pending the suit. The administrator was allowed to recover rents by way of damages down to the death of the widow, but not possession of the lands. This, it is contended, was error. Of course, the lands descended to the heirs, or if the defendant had the title he became entitled to the possession. But the administrator was the proper party to recover the rents and profits, They were assets of the estate. Our statute with respect to ejectment suits contemplates that damages may be declared for in the same suit and in the same count. It expressly provides that, if the plaintiff prevail, he shall recover, by way of damages, the rents and profits down the time of assessing the same, or to the time of the expiration of the plaintiff's title, and that, if the plaintiff's right to the posession expires after the commencement of the suit and before trial, recovery may be had for the damages. In some states the damages for the detention of the property must be sued for in a separate action, or in a separate count in the same suit. The cause

of action for the damages does not abate, and the administrator is the proper party to sue therefor. There is no reason why the estate should be driven out of court and the administrator compelled to institute a new suit for the rents and profits. For the purpose of recovering them it was entirely competent to revive the cause in the name of the administrator. It has before been so held in actions of forcible entry and detainer, both as to the plaintiff and defendant. *Carlisle v. Rawlings*, 18 Mo. 167 ; *Brewington v. Stephens, Adm'r*, 31 Mo. 38.

3. The defendant relies for title, in part, at least, upon a deed made by the sheriff to Farmer and Caynor, dated October 8, 1862, and a deed from them to him. This sheriff's deed was based upon certain judgments of the county court, which appear to have been rendered for principal and interest due upon township school bonds. The judgments recite a notice, but not a citation, as provided for in section 29, page 1425, Revised Statutes, 1855. The notice appears to be that contemplated in section 24, which is no citation for judgment at all. For this reason, and because the sale appears to have been been made at the sitting of the county court, and does not appear to have been made during a term of the circuit court, the deed must be held to be void. *McClurg v. Dollarhide*, 51 Mo. 347. As to the other sheriff's deed to defendant, based upon the judgment against Roberts and recovered in 1871, its validity depends upon the fact whether the sale was made before or after the death of Roberts. If made before his death, still the widow was entitled to her quarantine and dower, and, until dower was assigned to her, she was entitled to the possession of the property. As to the measure of damages it is enough to say, in addition to what we have already stated, that no instructions were given or refused upon this subject, and hence no such question is before us for review.

The judgment of the circuit court is affirmed. All concur.