Sherwood v. Baker.

SHERWOOD v. BAKER *et al.*, *Appellants.*

DIVISION TWO.

1. **Probate Courts, Judgment of:** COLLATERAL ATTACK. Orders and judgments of probate courts, made when acting within their jurisdiction, are entitled to the same favorable presumptions as are accorded to courts of general jurisdiction, and are not more open to collateral attack than judgments of the latter courts.

2. ———— : SALE OF LAND TO PAY DEBTS : PRESUMPTION. An order of a probate court for the sale of the land of the decedent to pay debts, the administrator's report of sale, the orders of its approval and to the administrator to make a deed to the purchaser, raise a presumption that the sale was authorized and that, until the contrary is made to appear, all requisite antecedent steps were duly and timely taken.

3. **Administrator's Sale of Land :** EQUITABLE TITLE : PURCHASER. Such purchaser will be entitled to a deed from the administrator, and will acquire such an equity in the land as can be enforced in a suit against the heirs. (*Following Henry v. McKerlie,* 78 Mo. 419.)

4. ———— : ———— : ADVERSE POSSESSION. The purchaser's equitable title was capable of extinguishment by ten years' adverse possession.

5. ———— : ADVERSE POSSESSION : WIDOW'S QUARANTINE. The continuance of the widow in possession of the land under her quarantine right while her dower remained unassigned was not adverse to the purchaser.

6. ———— : LACHES. A delay of nearly twenty years on the part of the purchaser to institute suit to have the widow's dower assigned is not such laches as to prevent him from asserting his legal title to the land.

*Appeal from Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Silsby & Buckley, John W. Jump* and *A. L. Drew* for appellants.

(1) The acts of Daniel Biddlecome could confer no rights or equities in the land in controversy on appellee in the absence of proof that he was administrator of the estate of Jonathan L. Fare, deceased. The records introduced were worthless, and could confer no title, he not being shown to have any authority in the premises. So far as the evidence goes he was an entire stranger to the title. The court could make no order to sell without a petition therefor and notice thereof; neither of which is shown in this case. R. S. 1889, secs. 146, 147. (2) If the sale was regular and conferred a right, appellee could not recover, because of his laches, which, in equity, is a good defense, even though statute of limitations does not apply. *Sommer v. Railroad*, 4 Mo. App. 586; *State ex rel. v. West*, 68 Mo. 229. (3) The statute of limitations is a complete bar to appellee enforcing any rights he may have had, however clear. The statute applies to equitable as well as legal demands, and is designed to cut off all claims coming within its terms. *Robinson v. Ware*, 94 Mo. 678; *Hunter v. Hunter*, 50 Mo. 445; *State ex rel. v. Grigsby*, 92 Mo. 419; *Hickman v. Link*, 97 Mo. 482; *Burdett v. May*, 100 Mo. 13. (3) The statute begins to run as soon as one has a right to apply to a court for redress. *Tapley v. McPike*, 50 Mo. 589; *Hoester v. Sammel. mann*, 101 Mo. 619.

*Goode & Cravens* for respondent.

(1) The sale of the land in controversy having been made by the administrator pursuant to an order of the probate court having jurisdiction of the estate and afterwards approved by said court, the full purchase

money having been paid by the plaintiff to the administrator and used by the latter in discharging the debts of the deceased, plaintiff's right to have a perfect title vested in him by a court of equity is clear. *Long v. Mining & Smelting Co.*, 68 Mo. 422; *Henry v. McKerlie*, 78 Mo. 416. (2) It was unnecessary for plaintiff to introduce evidence to show that Daniel Biddlecome was administrator of Fare's estate, or that a petition for the sale of the land was presented to the probate court, or that the other formalities incident to administration sales were complied with. *Johnson v. Beasley*, 65 Mo. 250; *Sims v. Gray*, 66 Mo. 613; *Camden v. Plain*, 91 Mo. 117; *Rowden v. Brown*, 91 Mo. 429; *Price v. Association*, 101 Mo. 107; *Agan v. Shannon*, 103 Mo. 661. (3) The record clearly shows that the report of the sale was made by the court on a full knowledge of the facts. It does not appear that this report was no filed at the next term after the sale, but whether it was or not, is immaterial; the sale was duly approved before the final settlement. *Sims v. Gray, supra.* (4) The statute of limitations has not barred plaintiff's action. The record shows that the premises in question were the mansion house of Jonathan L. Fare, deceased, at the time of his death; that since that time his widow has lived therein, making no claim except as widow and dowress, and that some of the children had lived with her. The widow was clearly in possession by virtue of her quarantine right, and in such cases the statute does not run against the heirs; nor against a purchaser who holds the title the heirs would have held but for the administration sale. *Brown v. Moore*, 74 Mo. 633; *Roberts v. Nelson*, 86 Mo. 21; *Holmes v. Kring*, 63 Mo. 452.

MACFARLANE, J.—The probate court of Lawrence county, on the twenty-third day of February, 1869, made an order directing Daniel Biddlecome, public administrator of said county, having in charge the estate of

Jonathan L. Fare, deceased, to sell the real estate in controversy herein for the payment of debts.

The land was sold to respondent for $605, and the sale duly reported to the probate court of said county August 2, 1869. The purchase price was paid to the administrator, and was applied to the payment of debts. The report of the sale was approved, by the order of said court, October 23, 1869. A deed was never made to respondent by the administrator. Defendant, Jemima Fare, was the widow of deceased. Jonathan L. Fare lived on this property up to the time of his death, and thereafter his widow continued to reside thereon, with her children, making no claim, other than dower, until the trial of this cause in the circuit court.

This is a suit in equity, commenced May 27, 1884, against the widow and heirs of deceased, by which plaintiff undertook, by decree of court, to have vested in himself the legal title to said real estate, by virtue of the equity acquired through his purchase from the administrator, and to have an assignment of the dower of the widow.

The answer was a general denial; a plea of the ten years' statute of limitation, and of ten years' adverse possession. Judgment was for plaintiff.

I. Several questions were raised at the trial respecting the admissibility of evidence offered, and admitted, to prove the foregoing facts, and as to the force and effect of orders of probate courts.

It is now well settled that the orders and judgments of probate courts, when acting within their jurisdiction, are entitled to the same favorable presumptions as are accorded to courts of general jurisdiction, and are no more subject to collateral attack. *Price v. Real-Estate Ass'n,* 101 Mo. 107; *Camden v. Plain,* 91 Mo. 117; *Rowden v. Brown,* 91 Mo. 429.

II. The records of the probate court of Lawrence county, introduced in evidence, showed an order on Daniel Biddlecome, public administrator, in charge of

the estate of Jonathan L. Fare, to sell the land in controversy for the payment of debts ; a report of the administrator, showing a sale to plaintiff for $605 ; an order approving the sale, and an order on the administrator to make a deed conveying the land to the purchaser. From these orders, it will be presumed that the sale was authorized, and that "all requisite antecedent steps had been duly and timely taken, until the contrary is made to appear." *Price v. Real-Estate Ass'n, supra.* The purchase of the land, under these orders, the payment of the purchase money, and the approval of the sale, gave to the purchaser a clear right to a deed from the administrator. Did he acquire such an equity in the land as can be enforced in a suit against the heirs ?

The question whether a court of equity would lend its aid in such cases was carefully and exhaustively considered by this court in the case of *Henry v. McKerlie*, 78 Mo. 419, and all the decisions in this state on the subject reviewed, and an affirmative answer to the inquiry was reached. In conclusion of this review, the court, by MARTIN, C., says : "When the sale by an administrator or curator, under an order of the court, has been regularly approved by the court, this fact, of itself, passes to the purchaser an equity for the legal title, which equity, notwithstanding an irregular deed, or the want of any deed, the court will enforce in his favor, by denying recovery in ejectment by the heirs, or by vesting him with the perfect title; provided, always, that he has, on his part, complied with the terms of the sale." See also *Grayson v. Weddle,* 63 Mo. 523.; *Long v. Mining & Smelting Co.*, 68 Mo. 422; *Gilbert v. Cooksey*, 69 Mo. 42. This decision was approved in the cases of *Burden v. Johnson*, 81 Mo. 323, and *Moore v. Davis*, 85 Mo. 464.

Upon the death of their ancestor, the legal title to the land descended to, and vested in, the heirs, subject to the rights of the widow. The administrator took no title, and only held the naked power to sell and convey

under the orders of the probate court. Until convey-ance, the legal title remained in the heirs. The sale by the administrator vested the equitable title in plaintiff, and he had the right to proceed, in equity, against the heirs, to have the legal title vested in himself.

III. The question of most difficulty is the application of the statutes of limitation. If the statutes limiting personal actions govern, then the suit was clearly barred in ten years after plaintiff acquired the equitable title. On the other hand if the statute, limiting real actions, is to be applied, there was no bar unless there had been a possession adverse to plaintiff for ten consecutive years after his right of entry accrued. The circuit court held, we think, correctly, that the case was governed by the law limiting real actions.

The distinction between these two statutes is, that under the former the action is barred, while under the latter the title is extinguished. When real estate is held adversely, the statute operates upon the title, and, when the bar is complete, the title of the original owner is defeated. The title is not affected so long as no one holds adversely. *Allen v. Mansfield*, 82 Mo. 693 ; Ang. on Lim., sec. 1 ; Buswell on Adv. Poss., sec. 4 ; 3 Wash. Real Prop. 164 ; Sedg. & Wait, Trial of Titles, sec. 727 ; Wood on Lim., 498, sec. 254 ; *Ridgeway v. Holliday*, 59 Mo. 444.

It is thus seen that the operation of the statute does not depend more on what the claimant has omitted to do, than upon what the adverse possessor has done. Following these principles it has been held, by this court, that a defendant, holding under an equitable title, can set it up in defense of an action for possession by the holder of the legal title without regard to the statutes of limitations. *Sebree v. Patterson*, 92 Mo. 457. Ten years' adverse possession by a mortgagor is necessary to bar an action of foreclosure. *Gardner v. Terry*, 99 Mo. 523 ; *Atchison v. Pease*, 96 Mo. 556 ; *Benton Co. v. Czarlinsky*,

101 Mo. 275. In an action to set aside a fraudulent sale of land and for possession, the limitations to real actions apply. *Rodgers v. Brown*, 61 Mo. 191; *Hunter v. Hunter*, 50 Mo. 451.

While the equitable title acquired by plaintiff, through his purchase from the administrator, did not give him the right to recover possession by an action at law, it did invest him with the real and substantial right to the land and its possession. That title and right could only have been extinguished under the limitation law, by an actual and consecutive adverse possession for ten years.

When plaintiff purchased, the widow was in possession under her statutory, quarantine right. Her continuance of the possession, so long as her dower remained unassigned, was not adverse to the heirs, or plaintiff, who held the title inherited by them from her deceased husband. *Hickman v. Link*, 97 Mo. 482; *Brown v. Moore*, 74 Mo. 633; *Roberts v. Nelson*, 87 Mo. 229; *Roberts v. Nelson*, 86 Mo. 21.

As to whether plaintiff ought to be barred by reason of near twenty years' delay in asserting his right to have dower assigned we will but apply the language of NORTON, J., in *Brown v. Moore, supra*, to the facts in this case. "The mere fact that" plaintiff "was willing to and did permit" the widow "to enjoy this possessory right, and did not terminate it by having her dower assigned, as she might have done, instead of rendering him liable to the imputation of laches, is rather to be counted to his credit."

As no question was raised in the lower court, as to the joinder of the widow and heirs in the same proceeding, the objection was waived. *Kellogg v. Malin*, 62 Mo. 430. Judgment affirmed. All concur.