COLVIN et al., *Appellants*, v. HAUENSTEIN et al.

Division One, June 20, 1892.

1. **Pleading**: PRACTICE: PARTITION: DOWER. Where the petition in a partition suit alleges that the plaintiffs are the owners of the land, subject to the unassigned dower interest of the widow, conveyed by her to one of the defendants, and the answer of such defendant avers that the widow had dower and a homestead interest which she conveyed to him, and that he also purchased at the administrator's sale which was duly approved, such averments of the answer, except as to dower, are controverted by those of the petition, and are put in issue by the reply denying the allegations of the answer so far as they controvert those of the petition.

2. **Partition**: POSSESSION: PRACTICE. Generally, where one is in the possession of land, asserting an exclusive title, an action for partition cannot be maintained against him by one out of possession. The person out of possession must first establish his right in an action of ejectment. But an adverse possession amounting to an actual ouster must be shown to defeat the action.

3. ———: ———. *Possession under a deed from a widow conveying her unassigned dower interest is not adverse to the heirs and forms no defense to an action for partition by them.*

4. ——: DOWER: HOMESTEAD. Partition is a proper proceeding in which to assign dower and also homestead, and the rights of the parties to such interests can be adjusted in such suit, even though the defendant may make proof of a claim of title and possession under an administrator's deed.

5. ——: PRACTICE: SUIT BY NEXT FRIEND: DISMISSAL. Although an infant cannot sue in partition by a next friend, but should sue by a regular guardian or guardian *ad litem* appointed by the court in term time, yet, where no such question was raised in the trial court, plaintiffs should have an opportunity to correct the error before the suit is dismissed for such a reason.

*Appeal from Miller Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*Moore & Williams* and *T. B. Robinson* for appellants.

(1) The defendant Hauenstein having received a quitclaim deed from the widow of Thomas Cox which purported to convey her dower interest, and having taken possession of the land in controversy, under said deed, cannot now set up the claim that he holds the land adversely to the heirs of Thomas Cox. *First.* Section 4514, Revised Statutes, 1889, gives the assignee of a widow's dower interest a right to an action at law, for the assignment in his own name of the dower interest purchased, while prior to that statute we had to resort to a court of equity to secure his rights under such an assignment. This doctrine that the assignment by a widow of her dower interest gave the purchaser an equitable right to the interest purchased has generally been recognized by our courts and the text-books. *Potter v. Everett*, 7 Fed. Rep. 152; *Tompkins v. Fonda*, 4 Paige's Ch. 448; *Robin v. Flanders*, 33 N. H. 524; 1 Washburn Real Property [4 Ed.] 303; 2 Scribner on

Dower, 40–43. This doctrine is recognized in this state. *Moore v. Harris*, 91 Mo. 616; *Stokes v. McAllister*, 2 Mo. 163. *Second.* The defendant Hauenstein can only claim the interest conveyed in his deed, *i. e.*, the "dower interest" in equity. He cannot, by taking the place of the widow under her deed, make the same the basis of a claim of adverse title against the heirs. He simply stands in the place of the grantor. The deed of Hauenstein must be construed by its terms; the recital that the dower interest is conveyed excludes any other interpretation. Broom's Legal Maxims, side p. 626. (2) *First.* When the doweress occupies the messuage after the death of her husband, without any assignment of her dower, she does not hold her possession adversely to the heirs of her husband, however long a time may lapse, without such assignment. *Second.* For the reasons already given, the defendant Hauenstein, occupying the premises as assignee of the widow, cannot set up the claim of adverse possession. *Third.* Hauenstein, as the assignee of the widow, is a tenant in common with the heirs until dower is assigned. There is no adverse possession. Tyler on Infancy & Coverture [1 Ed.] sec. 418, p. 586; *Jones v. Manly*, 58 Mo. 559; *Brown v. Moore*, 74 Mo. 633. (3) If the above positions are correct, then the heirs could not bring an action of ejectment to test his title, and this action in equity is the only remedy the plaintiffs have. In this action, in its chancery jurisdiction, the lower court had full power to do full and complete justice to the parties in one action. *Holloway v. Holloway*, 97 Mo. 628. Upon the case as presented in the lower court, plaintiffs were entitled to recover, and the court erred in sustaining the demurrer. (4) The respondent makes the point for the first time in this court, that some of the plaintiffs are minors, and should appear by

guardian or guardian *ad litem*. *First*. If this be an irregularity, it cannot affect the rights of respondent Hauenstein, as the purpose of the suit as to him is to set off the dower interest of which he was the assignee. *Second*. This point was not raised in the lower court, either by demurrer or answer, and is waived, and in case the judgment of the lower court was reversed the defect can be remedied by the appointment of a guardian *ad litem* for such minors. R. S. 1889, sec. 2113; *Robinson v. Hood*, 67 Mo. 660; *Holton v. Towner*, 81 Mo. 360; *Fulbright v. Cannefax*, 30 Mo. 425. (5) The replication of the plaintiffs is a denial of the new matter set up in the answer and meets the requirements of the statutes for a general denial. R. S., sec. 2052. The pleadings do not admit anything in reference to a sale of this land by the administrator, and there was no evidence on this subject. Had there been such a sale, the heirs of Cox would not lose their rights in the premises. Equity would give them relief.

*W. S. Pope, G. T. White* and *L. N. Musser* for respondents.

(1) The minor plaintiffs cannot sue by a next friend appointed by the circuit clerk in vacation. R. S. 1879, secs. 3346–7; Wagner's Statutes, secs. 48–9, p. 973; G. S. 1865, p. 616, secs. 48, 49; R. S. 1889, secs. 7139–40; *Mitchell v. Jones*, 50 Mo. 439. The court only in term time can appoint a guardian to bring a partition suit. There is no law for the appointment of a next friend. *Goode v. Crow*, 51 Mo. 212. The next friend did not sign the petition. *Fulbright v. Cannefax*, 30 Mo. 425. (2) Having never been in possession plaintiffs cannot maintain partition. *Hart v. Wire Co.*, 91 Mo. 414; *Wommack v. Whitmore*, 58 Mo. 448; *Rozier v. Griffith*, 31 Mo. 171;

*Lambert v. Blumenthal,* 26 Mo. 471; *Shaw v. Gregoire,* 41 Mo. 407. (3) Plaintiffs claim legal title to the lands, and this is an action at law. (4) Plaintiffs did not show title in themselves. The sheriff's deed offered by them was void on its face. *Hughes v. Hughes,* 72 Mo. 136; *Carson v. Hughes,* 90 Mo. 173; R. S. 1889, secs. 4898, 7166-7; Wagner's Statutes, sec. 31, p. 970. (5) The sale to Hauenstein is not subject to collateral attack. *Camden v. Plain,* 91 Mo. 118, and cases cited. (6) Hauenstein was not in possession under his deed from the widow.

BLACK, J.—This was a suit for the partition of three hundred and twenty acres of land in Miller county. The trial court, at the instance of the defendant Hauenstein, sustained a demurrer to the evidence produced by the plaintiffs and dismissed the suit, and the plaintiffs appealed. To an understanding of the points raised on this appeal it is necessary to recite the facts with some detail.

There are twelve or thirteen plaintiffs, six of whom are minors. The plaintiffs and four of the defendants are the heirs of Thomas Cox, deceased. William Hauenstein, the other defendant, filed a separate answer, and is the only defendant who opposes the partition.

Thomas Cox purchased the land on the second of April, 1872, at a sheriff's sale in partition between the heirs of Arthur Scott, deceased. He paid to the sheriff the purchase price pursuant to the order of sale and died in 1873, without having received a deed to the land. On the thirtieth of March, 1889, a succeeding sheriff executed to the heirs of Thomas Cox a deed, pursuant to an order of the circuit court. This deed, it will be seen, was made some sixteen years after Thomas Cox became entitled to one.

Thomas Cox died, leaving a widow who married George W. Coots. She and her husband, by a quit-claim deed, dated the fourth of November, 1873, conveyed "all the right, title, dower and interest that the said Joanna Coots has as the widow of Thomas Cox" in the lands, to the defendant Hauenstein. The plaintiffs set up this deed in their petition, and allege that the widow thereby conveyed her dower interest to defendant Hauenstein, and that he took possession under this deed, and has ever since had and held possession of the land. The widow is still living, and the plaintiffs, by their petition, concede and assert that Hauenstein is entitled to one-third of the land for the life of the widow by virtue of her deed to him. Hauenstein, in his answer, denied that this deed from the widow of Thomas Cox to him conveyed no more than her dower interest. He alleges that Thomas Cox died possessed of the land; that the widow became entitled to one hundred and sixty acres in fee as her homestead, and that he also acquired this homestead interest by her deed. By way of a further answer he avers that Thomas Cox died largely indebted and hopelessly insolvent, leaving no property save that in question, after deducting the homestead; that debts to a large amount were allowed against the estate; that the administrator sold the land to pay these allowed demands, and he became the purchaser for $600; that the sale was approved on the thirteenth of April, 1874; and that he was then, and for some time prior thereto had been, in possession of the land. He states further that plaintiffs have never been in possession; that he has had adverse possession for fifteen years; that there has been no assignment of dower or homestead, and that, if he did not acquire the legal title by reason of informality in any of the alleged proceedings, he is entitled

to be subrogated to the rights of the creditors to the extent of the purchase money paid the administrator.

Plaintiffs, by their reply to this answer, "deny each and every allegation therein contained so far as the same controverts the allegations stated in their petition."

It was admitted on the trial that letters of admin istration were issued to one Thomas Scott upon the estate of Thomas Cox on the fourth of February, 1873. James Cox, one of the plaintiffs, testified that his father, Thomas Cox, lived on this land at the time of his death; that there were about sixty-five acres in cultivation; that he and his brother rented the land, first from the administrator, and then from Hauenstein; that the latter has had possession since the spring of 1874, some sixteen years. The plaintiffs put in evidence the deed from the widow Cox to Hauenstein, and the sheriff's deed of 1889 to the heirs of Thomas Cox.

I. The case is presented here on behalf of defendant Hauenstein on the theory that the pleadings admit the alleged sale by the administrator, purchase of the land by defendant at that sale, and the approval of the same by the probate court on the thirteenth of April, 1874. In all this he is in error. The reply puts in issue those averments of the answer which controvert the averments of the petition. It is in effect a general denial as to all new matter controverting the allegations of the petition. The plaintiffs, by their petition, show that they are the owners of the land subject to the unassigned dower interest. To defeat these averments the defendant asserts, *first*, that the widow had dower and a homestead interest in the land, and that he acquired that interest by her deed; *second*, that the administrator sold the land, and he became the purchaser, and that the sale was duly approved by the probate court. All these averments, except as to dower, controvert the

averments of the petition, and are clearly put in issue by the reply. As the case now stands, we must disregard all those statements in the answer concerning the sale of the land by the administrator, for they are not admitted, nor is there any proof of them.

2. The trial court, it would seem, sustained the demurrer to plaintiffs' evidence on the ground that it appeared that the defendant was, and for a long time had been, in adverse possession of the land, and for this reason a suit in partition could not be maintained. Generally where one is in the possession of land, asserting an exclusive title, an action for partition cannot be maintained against him by one out of possession. In such cases the person out of possession must first establish his right in an action of ejectment. The principle applies to those cases where a tenant has ousted his cotenant. *Lambert v. Blumenthal*, 26 Mo. 471; *Shaw v. Gregoire*, 41 Mo. 407. But an adverse possession amounting to an actual ouster must be shown, in order to defeat an action for partition. *Wommack v. Whitmore*, 58 Mo. 448; *Rozier v. Griffith*, 31 Mo. 171.

It must be assumed, as this case now stands, that the defendant Hauenstein took possession under the deed from the widow of Thomas Cox, for the alleged administrator's sale is at this time out of the case. The evidence as it now stands does not attribute his possession to any other transaction. Indeed, his answer and some of the evidence tend to show that he took possession under that deed. Now the widow had a right to remain in possession of the land until dower should be assigned to her. This right she could enforce by an action of ejectment. Her possession would not be adverse to the heirs. *Brown v. Moore*, 74 Mo. 633; *Roberts v. Nelson*, 86 Mo. 21; *Julian v. Rogers*, 87 Mo. 229; *Hickman v. Link*, 97 Mo. 490. This deed from the widow to Hauenstein professes to convey and to convey

Colvin v. Hauenstein.

only her interest in the land as the widow of Thomas
Cox. In taking possession under it he stepped into her
shoes. As her possession would not have been adverse
to the heirs, his possession under that deed is not
adverse to them. His possession is, therefore, no defense
to this action.

But it is not to be inferred that this suit should be
dismissed if it should turn out on another trial that
defendant also claims title and possession under an
administrator's deed. He, by his answer, claims title
and possession in part under the deed from the widow,
and the plaintiffs admit that this deed gives him all the
rights which she had, and this claim and admission
include the right of possession in defendant to all the
land until dower is assigned. To say that plaintiffs
should first sue in ejectment is to drive them to a suit
which they cannot maintain because dower has not been
assigned, the very thing which they are now seeking to
have done. Partition is a proper proceeding in which
to assign dower and also homestead, and the rights of
the parties can be adjusted in this suit, and this, too,
though the defendant may also make proof of a claim
of title and possession under an administrator's deed.
He asserts his right to dower and possession under the
deed from the widow, and the suit is not to be dismissed
because he may bring forward some other and further
claim.

It is proper to say here that defendant Hauenstein
had a perfect right to purchase at an administrator's
sale, and we do not express any opinion as to what
rights, legal or equitable, he may have acquired by a
purchase at such a sale. It will be time enough to
pass upon such questions when the facts are in the
record. At this time they are not before us.

3. An objection is made in this court on the
ground that some of the plaintiffs, who are infants,

brought this suit by a next friend appointed by the clerk of the circuit court in vacation. An infant cannot sue in partition by a next friend. He should sue by his regular guardian or by a guardian *ad litem* appointed by the court in term time. The partition act governs in such cases. *Price v. Whitely*, 50 Mo. 438. But no such question was made in the trial court, and the plaintiffs should have an opportunity to correct the error before the suit is dismissed for such a reason.

The judgment is reversed, and the cause remanded for further proceedings. BARCLAY, J., absent; the other judges concur.