PHILLIPS et al. v. PRESSON et al., Appellants.

Division One, February 18, 1903.

1. **Dower, Quarantine and Homestead:** ALIENABLE. The widow on the death of her husband becomes invested with three cognate rights in the premises occupied by him as a homestead: first, quarantine, until dower is assigned, which is an alienable possessory right, the assignee of which may defend an action of ejectment by the adult heirs of the deceased husband; second, dower, which is also assignable; third, a right jointly with the husband's minor heirs to homestead.

2. **Ejectment:** DOWER AND QUARANTINE. A deed from the widow conveys the right to possession to the transferee until dower is assigned as against the adult children of the homesteader. It conveys both her quarantine and dower, and until dower is assigned, the grantee of such a deed is entitled to exclusive possession as against adult children, but not as against the homesteader's minor children.

3. ———: ———: MINOR HEIRS. A deed by the widow after the death of her husband does not deprive his minor children of the right to a joint possession with the grantee of the homestead premises. They may maintain suit in ejectment against such grantee for the right to joint possession.

Appeal from Mississippi Circuit Court.—*Hon. H. C. Riley,* Judge.

AFFIRMED.

*R. B. Oliver* and *Russell & Deal* for appellants.

(1) As neither dower nor homestead was ever assigned or set off to the widow, she was entitled to remain in and enjoy the mansion house under section 2954, Revised Statutes 1899, until dower was assigned. (2) The widow could sell and assign her quarantine right under the statute, as she did do to co-defendants, the Smith brothers. Jones v. Manly, 58 Mo. 559; Smith v. Stephens, 164 Mo. 415. That being true, the defend-

ants were in rightful possession of the premises at the time of the institution of this suit. (3) It would be a strange condition that would result from the construction of the statutes now contended for by respondents, that the widow is not only powerless to sell her interest in her deceased husband's homestead, but that an effort on her part to do so would forfeit all interest she had in the same either as a homestead, as dowress, or under the quarantine law. The dower right is an ancient institution and is much favored by our law. Young v Thrasher, 115 Mo. 222. The dower right can not be barred except by the widow's express consent, or by some unequivocal act done by her from which her consent is necessarily implied. Bealey v. Blake, 153 Mo. 657. If no greater right exists, the dower certainly remains in the widow, and under a plain statute until dower is assigned she is entitled to the possession of the homestead. (4) We are aware of the fact that this court has held that the minor children are entitled to the possession of the homestead as against the vendee of the widow, but those were cases in which there was no dispute about the homestead right, and no question raised as to the right of dower. Judge BLACK, commenting upon those cases, said: "Under these decisions the minor children would have the right to recover in an ejectment had the homestead been set off." Hufschmidt v. Gross, 112 Mo. 660. In this case neither homestead nor dower has been set off or assigned.

*W. H. Miller* and *W. C. Russell* for repondents.

(1) The premises sued for was the homestead of J. J. Phillips, father of respondents, and upon his death in November, 1895, it passed to and vested in his widow and minor children. R. S. 1899, sec. 3620. (2) The children have the joint right of occupation with the widow until they shall arrive respectively at their majority. R. S. 1899, sec. 3620. (3) Since the right to the use of the whole of anything for and during life is greater than the right to the use of one-third thereof for

the same length of time, it seems very clear that the widow has no dower. It is a plain proposition capable of mathematical demonstration, and for that reason it is unnecessary to cite any authorities in support of the same. (4) The widow and minor children are not tenants in common in the homestead, but their rights are more in the nature of joint tenancy, as they may occupy the homestead jointly as long as the right to do so exists. Gore v. Riley, 161 Mo. 238. (5) Appellants can not claim the right to possession by virtue of the quarantine law because the grantee of the widow is not entitled to enjoy her quarantine. That is a right personal to the widow, and is inalienable. Quick v. Rufe, 164 Mo. 408. (6) Inasmuch as the land in controversy was occupied by J. J. Phillips, his wife, and his children, respondents herein, as a homestead, and does not exceed in quantity and value what the law allows for that purpose, the homestead estate conferred by the statute vested in his wife and children immediately upon his death, without being set apart by commissioners. Rogers v. Marsh, 73 Mo. 64. (7) Respondents are entitled under the law to the exclusive possession as against the vendee of their mother. Roberts v. Ware, 80 Mo. 363; Deboe v. Rushing (Ky.), 51 S. W. 613.

BRACE, P. J.—This is an action in ejectment to recover the possession of the east half of the northwest quarter of section 9, township 25, range 15, in Mississippi county. The petition is in common form. The answer, a general denial. The trial, before the court without a jury on an agreed statement of facts. Judgment for the plaintiffs, and defendants appeal. The plaintiffs are the minor children of J. J. Phillips, deceased, who died seized of the premises, which was his homestead. The defendants are in possession of the premises, holding the same under a deed from Mrs. Martha Phillips, the widow of said deceased, whose dower has never been assigned to her, conveying to them all her interest therein, and the only question in

the case is, which party has the better right to the possession of the premises? On the death of her husband Mrs. Phillips became invested with three cognate rights in and to the premises, the right of quarantine, of dower and of homestead. [R. S. 1899, secs. 2933, 2954 and 3620.] Her quarantine gave her the right to the possession of the premises until her dower therein was assigned her. [Sec. 2954, supra.]

At common law, and in many of the States, the right of quarantine is not assignable [10 Am. and Eng. Ency. of Law (2 Ed.), p. 148, and notes] and such is also the case with the right of unassigned dower. [Ib., p. 147, and notes.] But by a long and uniform line of decisions in this State the doctrine is well established that a widow's right of quarantine is a possessory right on which an action of ejectment may be maintained or defended, and that this right is assignable and carries with it all the incidents that belonged to it prior to the transfer. [Stokes v. McAlister, 2 Mo. 163; Jones v. Manly, 58 Mo. 559; State v. Moore, 61 Mo. 276; Brown v. Moore, 74 Mo. 633; Gentry v. Gentry, 122 Mo. 202; Fischer v. Siekmann, 125 Mo. 165; Carey v. West, 139 Mo. 146.] And since 1889, by express statutory provision the widow's right to unassigned dower is also alienable. [R. S. 1899, sec. 2934; R. S. 1889, sec. 4514.] So that the defendants by their deed from Mrs. Phillips acquired all her quarantine and dower rights in the premises, stand in her shoes, and sustain the same relations to this property that she did before the transfer was made. And if the plaintiffs had no other claim to this property, than as heirs at law of their deceased father, there can be no question but that the defendants would have a better right to its possession than the plaintiffs. [Miller v. Talley, 48 Mo. 503; Holmes v. Kring, 93 Mo. 452; Westmeyer v. Gallenkamp, 154 Mo. 28; Smith v. Stephens, 164 Mo. 415, and cases supra.] But the land in question was the homestead of their father, and when he died, the plaintiffs, his minor children, also became entitled jointly with their mother to the possession of the prem-

ises until the youngest one of their number attained "its legal majority". [Sec. 3620, supra.] Of this right they could not be deprived by any act or deed of their mother. She might transfer her interest in, and abandon the homestead if she saw proper to do so, but neither she, nor any one claiming under her, could deprive the minor children of their right to its possession, or in any manner impair that right. And if ousted, as in this case, they may maintain ejectment to recover the possession thereof, and retain the same until the period during which the law has allotted it to them for a homestead has expired. [Canole v. Hurt, 78 Mo. 649; Roberts v. Ware, 80 Mo. 363; Rogers v. Mayes, 84 Mo. 520; Rhorer v. Brockage, 86 Mo. 544; Hufschmidt v. Gross, 112 Mo. 649.] This has been so clearly and pointedly decided in these cases, that a further discussion of the case is unnecessary. The judgment of the circuit court is for the right party, and is affirmed. All concur.