Melton v. Fitch.

---

MELTON *et al.*, *Appellants*, v. FITCH *et al.*

Division Two, December 4, 1894.

1. **Administrator's Deed**: NOTICE OF SALE: ERRONEOUS RECITAL. An erroneous recital in an administrator's deed as to the time of publishing the notice of sale will be disregarded where the proof of publication shows that the notice was properly published.

2. ———: ———: COLLATERAL ATTACK. The omission of the record, in a proceeding to sell a decedent's lands for payment of debts, to show that the posting of notice of sale was not dispensed with by order of court, does not render the sale void on collateral attack.

3. ———: DESCRIPTION OF LAND: VOID ORDER. A sale by an administrator under an order which does not describe the land is void.

4. ———: FINAL SETTLEMENT: REPORT OF SALE. A report of sale by an administrator after final settlement and his discharge is void.

5. **Dower**: ADVERSE POSSESSION. The possession of a dowress and those claiming under her is not adverse to the heirs, where the dower has not been assigned.

6. ———. Where the decedent cultivated all his land as one farm, the fact that the dwelling house and other buildings were all on one forty acre tract does not deprive the widow of right to dower in the whole land.

*Appeal from Greene Circuit Court.*—Hon. W. D. Hubbard, Judge.

Reversed and remanded.

*Wm. O. Mead* and *T. T. Loy* for appellants.

(1)    There is no question but Joseph W. Melton was at the time of his death seized of the premises in question, had his mansion house thereon and there lived with his family, and that the defendant, Francis Watson, is his widow, and that Melton is the common source of title.    The seizure of Melton at the time of his death and actual residence upon the premises is sufficient under the law to confer upon his widow dower, and until dower assigned the right to the exclusive possession of said premises as her quarantine both under the statute and at common law.    R. S. 1889, sec. 4533; Greenleaf's Cruise's Digest, top page 177, sec. 19 and note 3; *Gentry v. Woodson*, 10 Mo. 224; *Warren v. Williams*, 25 Mo. App. 22; *Eldredge v. Farestall*, 7 Mass. 253; *Embree v. Ellis*, 2 John. 123.    (2)    And she or her assignee may defend such possession against the heirs (the plaintiffs) or their assignees, and if ousted of such possession may maintain an action in ejectment to recover it.    *Jones v. Manly*, 58 Mo. 559; *Roberts v. Nelson*, 86 Mo. 21.    The defendants Fitch as grantees of the widow succeed to her rights and none other, and may make the same defense of their possession and regain the possession if ousted as the widow might if she had never conveyed to them and none other.    *Hickman v. Link*, 97 Mo. 490; *Jones v. Manly*, 58 Mo. 559.    (3)    There can be no adverse holding by the defendants Fitch, grantees of the widow, as against plaintiffs who are heirs of Joseph W. Melton, deceased, until dower is assigned or until the death of the widow.

*Brown v. Moore,* 74 Mo. 633; *Robinson v. Ware,* 94 Mo. 687; *Holmes v. Kring,* 93 Mo. 452; *Sherwood v. Baker,* 105 Mo. 478. (4) And the defendants having entered into the possession in right of the widow's dower and quarantine, their holding was in privity with plaintiffs', and that fixed the character of their possession and holding afterwards, and nothing they could say or do could change the character of that possession so as to make it adverse to plaintiffs. *Keith v. Keith,* 80 Mo. 125; *Salmon v. Davis,* 29 Mo. 176; *Christer v. Gage,* 71 N. Y. 192; Tyler on Ejectment and Adverse Enjoyment, p. 860. (5) The order of sale made by the probate court nor the notice of sale upon which the administrator's deed is based, describe the northeast quarter of southeast quarter, section 27, township 30, range 20, hence the sale and deed for that forty acres is void for that reason. *Evans v. Snyder,* 64 Mo. 516; *Greene v. Holt,* 76 Mo. 677. (6) The notice of sale by the administrator, according to the record, was published, first June 20, 1864, and last July 4, 1864; the publisher of the paper made affidavit to such publication July 30, 1864, for the sale on the fifteenth day of August, 1864. Such notices are required to continue up to the day of the sale, and failure to do so renders the sale void. *Stine v. Wilkerson,* 10 Mo. 96; *Bank v. Stumpf,* 6 Mo. App. 17; *Bank v. Stumpf,* 73 Mo. 311. (7) The administrator of Melton having made his final settlement and been discharged by the probate court on the sixth day of June, 1866, had no power to make a valid report of sale, and the probate court had no jurisdiction to approve the same on the twenty-third day of November, 1866, as was done in the proceedings upon which the administrator's deed is bottomed. *State v. Stephens,* 12 Mo. 182; *Goebel v. Foster,* 8 Mo. App. 443; *Garner v. Tucker,* 61 Mo. 427; Rorer on

Judicial Sales [2 Ed.], sec. 106. Hence the administrator's deed is void.

*Goode & Cravens* for respondents.

(1) The widow having acquired by administration sale the title in fee simple absolute to the mansion house and the south forty acre tract on which it stood, her quarantine was extinguished. She held thereafter as owner in fee, not in virtue of the quarantine right. Where a greater and lesser estate vest in the same person the latter is merged. (2) When the widow acquired the mansion house in fee she could have no quarantine in the north forty acre tract, even though, on account of an error in description, this did not pass by the administration sale; for the plantation is held by the widow, under the statute, only as an incident to and in connection with the occupancy of the mansion house. Unless the mansion house is occupied by virtue of the quarantine right there is and can be no quarantine occupation of the messuage and plantation. *McKaig v. McKaig*, 25 Atl. Rep. 181; *Sharpley v. Jones*, 5 Harring. 373; *Clay v. Sanders*, 47 Ala. 287; *Ogbourne v. Ogbourne*, 60 Ala. 616; *McClurg v. Turner*, 74 Mo. 44; *Roberts v. Nelson*, 86 Mo. 21. (3) The only right the widow had then in the north forty acres (if she did not obtain title thereto by the administration sale) was that of dower. She executed to Fitch a deed purporting to convey the fee in 1874; he and his wife had been in open, notorious, adverse and exclusive possession from that time until this action for assignment of dower was begun in 1889—more than fifteen years. It was, therefore, barred. *Robinson v. Ware*, 94 Mo. 618; *Beard v. Hale*, 95 Mo. 16. (4) The attacks on the administrator's deed so far as the north forty acre tract is concerned are without merit. The law in force when it was made provided that the probate court might

by order dispense with the posting of notices.  R. S. 1855, chap. 2, art. 3, sec. 27.  (5) It is apparent, then, from the entire record, the recital in the order of approval of November 23, 1866, that a report of the sale had been theretofore made, the filing of the appraisement, of the proof of publication, of the notice of sale and the carrying of the purchase money into the final settlement, that the action of the probate court must be considered as an approval, although no formal entry thereof was made.  On precisely these facts it was said: *"Held,* that the action of the court must be considered as an approval, although no formal entry of such approval appeared."  *Grayson v. Weddle,* 63 Mo. 523; *Henry v. McKerlie,* 78 Mo. 416; *Camden v. Plain,* 91 Mo. 117.  The deed made after final settlement was valid.  *Wilkerson v. Allen,* 67 Mo. 502.  (6) The order, notice of sale, appraisement and deed, all, beyond dispute, correctly describe the south forty acres.  So had there been no approval nor deed at all, the purchaser, Frances Watson, had a perfect equity as to said forty acres, which she conveyed to the defendant Fitch. This equity would suspend in her favor and in her grantees, a recovery of dower or any other estate, until the purchase money and all expenditures for improvements were repaid.  *Henry v. McKerlie,* 78 Mo. 416.

BURGESS, J.—This is an action by plaintiffs, heirs of Joseph W. Melton, deceased, against their mother, Frances Watson, Nancy Fitch, and George Fitch, her husband, for the purpose of having the dower of the defendant Frances, as the widow of Joseph W. Melton, deceased, admeasured and set off to her in the following described tracts of land in Greene county, to wit: The northeast quarter of the southeast quarter and the southeast quarter of the southeast quarter of section 27, township 30, range 20, upon the south forty of

which said Joseph resided at the time of his decease in January, 1863.

Frances Watson filed no answer, while that of Fitch and wife admitted possession and pleaded the ten year statute of limitations. To the answer of the Fitches plaintiffs replied, denying that their possession had been adverse, averring that their only title was derived from Frances Watson, their codefendant, and that at the time she conveyed to them she had no other right or title than dower and quarantine, and that defendants Fitch claiming under her are estopped to deny the title of Joseph W. Melton, deceased.

The trial resulted in favor of defendants, dismissing plaintiffs' petition and judgment against them for costs, from which they appeal. The facts are about as follows:

In February, 1863, John H. Aiken was duly appointed administrator of the estate of Joseph W. Melton. Afterwards the land of the estate was ordered sold by the probate court to pay debts. The order of sale erroneously described the north forty as the northwest quarter of the northeast quarter, instead of the northeast of the southeast, but correctly described the southeast of the southeast. The same mistake occurred in the notice of sale. The two forties were both correctly described in the appraisement, report of sale, its approval and administrator's deed. The purchaser, at the administration sale, was the widow of Joseph W. Melton and mother of plaintiffs, Frances Watson, the defendant, to whom dower is sought to be assigned. Aiken made her an administrator's deed. The payment of the purchase money by said Frances Melton to the administrator is shown by his report of same, filed February 27, 1866. After this purchase, Frances Melton lived on the land for more than eight years, and then sold it to the defendants Fitch,

who have been in the open, notorious and exclusive possession ever since, claiming to own it against all others.    They have put it in cultivation, fenced it, substantially rebuilt the house where Melton died, erected outbuildings and set out fruit trees.

The plaintiffs showed title in Joseph W. Melton to the southeast of the southeast of section 27 by original entry, November 26, 1856.    But failed to show any legal paper title in him to the other forty, the northeast of the southeast.    The original entry of this forty was by Henry S. Kennedy, February 5, 1841, who conveyed it to Samuel Peper, November 5, 1841, and the paper title, from aught that appears, still remains in him.

Under section 1, chapter 56, Revised Statutes, 1855, Mrs. Watson, as the widow of Joseph W. Melton, deceased, was entitled to be endowed of the third part of all the lands whereof her husband died seized, and if the defendants Fitch, who claim title under her, only acquired her dower interest in the land in controversy, of which the evidence showed her husband died seized, then these plaintiffs, as the heirs at law of said Melton, are entitled to have said dower interest admeasured and set off to defendants Fitch as the assignees of Mrs. Watson; but if Mrs. Watson acquired the fee to the land by purchase at the administrator's sale and afterwards conveyed it by deed to them, or defendants had occupied and held the adverse possession of the land for ten consecutive years after such conveyance to them and before the commencement of this suit, then plaintiffs' action was barred by the statute of limitations and the judgment must be affirmed.

Mrs. Watson purchased all the land at a sale made by the administrator of her deceased husband for the payment of the debts against the estate and received a deed therefor, but it is claimed that her deed was void

and passed no title because: *First*, the law in force at the time of the administrator's sale required the administrator to publish notice thereof for four weeks in some newspaper published in this state and by putting up copies of such notice in ten public places twenty days before the day of sale, neither of which, it is contended, was done; *second*, the order made by the probate court, nor the notice of sale upon which the administrator's deed is based, described the northeast quarter of the southeast quarter, and for that reason the sale of that forty acre tract was void; *third*, the notice of sale by the administrator, according to the record, was published first June 20, 1864, and last July 4, 1864, when the sale was on the fifteenth day of August, 1864, while the law required the publication of such notices to be continued up to the day of sale; *fourth*, the administrator having made a final settlement and been discharged by the probate court on the sixth day of June, 1866, had no power to make report of the sale, and the probate court had no jurisdiction to approve the same on the twenty-third day of November, 1866, at which time it was done.

We will dispose of the objections to the administrator's deed in their regular order:

It is manifest from the affidavit made by the publisher of the paper in which the notice of the sale of the land was advertised that the recital in the deed that the land had only been advertised for sale twenty days before it was sold, was a clerical error, as the proof of publication clearly shows that it was published for four weeks as required by law. The law did not require that the notice of sale should be continued up to the day of sale. Nor did the fact that the record failed to show that the posting up of a copy of said notice in ten public places in the county of Greene twenty days before the sale, had been dispensed with by order of

the court, render said sale void and subject to collateral attack, as it was merely an irregularity.

As there was no order of sale by the probate court for the northeast quarter of the southeast quarter of the land, the sale by the administrator of that forty was without authority and absolutely void. It was held in *Evans v. Snyder*, 64 Mo. 516, that such a defect is fatal to the title claimed under an administrator's deed, and can not be supplied whether it be by notice of sale, report of sale or the approval thereof. That case was followed and approved in *Greene v. Holt*, 76 Mo. 677. But in this case, to add further to the infirmity of defendant's title to that forty, it was never in fact advertised for sale, as the proof of the notice shows.

The third contention has been disposed of by what was said in reply to plaintiffs' second contention in the foregoing paragraph.

As to the power of the administrator to make report of the sale of the land, and of the jurisdiction of the probate court to approve the same after he had made final settlement of the estate and been discharged, we must hold that such proceedings were absolute nullities. It was so held in effect in *Garner v. Tucker*, 61 Mo. 427, and *State to use v. Stephenson*, 12 Mo. 182. After the administrator had made final settlement and been discharged he had no more to do with the estate of deceased than any other individual. *Rugle v. Webster*, 55 Mo. 246; *Long v. Joplin, etc., Co.*, 68 Mo. 422; *Grayson v. Weddle*, 63 Mo. 523. Nor had the probate court any jurisdiction over him as such. He was no longer administrator, his functions as such having ceased when he made his final settlement and the order was made approving it and discharging him. The administrator's deed was, therefore, void as having been made without authority, and passed no title

to the grantee therein named to any part of said land therein described.

The order approving the final settlement and discharging the administrator was made June 6, 1866, while no report or order approving the sale was made until the November following, nor does the deed purport to have been made until February 26, 1874, nearly eight years after the final settlement, and discharge of the administrator.

The only remaining question deserving consideration is that with respect of the statute of limitations which is relied upon by defendants as a bar to plaintiffs' action. In order that this defense may be sustained the possession of defendants must have been adverse as against the plaintiffs for ten consecutive years. Their paper title is derived from Mrs. Watson, widow of Joseph W. Melton, deceased, whom we have seen had no other interest in the land than that of dowress, as she acquired nothing by her purchase at the administrator's sale. As dowress she did not hold possession adverse to the heirs of her deceased husband, but in consonance with them, and could not, of course, convey anything but her dower interest to defendants, who succeeded to her rights as the widow of Joseph W. Melton, deceased, and nothing more, and the defendants Fitch occupy precisely the same position towards the plaintiffs as did the widow. Their possession never did become adverse to plaintiffs, nor would it so long as she lives, and her dower remains unassigned. *Brown v. Moore*, 74 Mo. 633; *Holmes v. Kring*, 93 Mo. 452; *Sherwood v. Baker*, 105 Mo. 472.

The evidence showed beyond any question that Joseph W. Melton, deceased, was seized and possessed of all the lands described in plaintiffs' petition at the time of his death; that during his lifetime he used and cultivated it as one farm, and under the law his widow

was entitled to dower therein, notwithstanding the dwelling house and other buildings were all upon one forty acre tract. *Gentry v. Gentry*, 122 Mo. 202.

It follows from what has been said that the judgment must be reversed, and the cause remanded. All of this division concur.